UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

**States Resources Corporation,**
**Plaintiff**

    v.

**Waldoptic Laboratory Inc.**
**d/b/a Nugen Optics Corporation,**
**Waldoptics Acquisition Co., LLC**
**d/b/a Asset Pro Management Co., LLC,**
**Precision Optics, Inc.,**
**Richard Nigro, Individually,**
**Defendants**

04 Civ. 3129 (SCR)

MEMORANDUM DECISION
AND ORDER

_____

    **I.**    **Background**

        **A. Factual History**

      States Resources Corporation (the "Plaintiff") brought this action against Waldoptic Laboratory Inc. d/b/a Nugen Optics Corporation ("Waldoptic"), Waldoptics Acquisition Co., LLC d/b/a Asset Pro Management Co., LLC ("Waldoptics Acquisition"), Precision Optics, Inc. ("Precision"), and Richard Nigro, individually ("Nigro"; Waldoptic, Waldoptics Acquisition, Precision and Nigro are collectively referred to herein as the "Defendants") for breach of contract and related causes of action.

      The Plaintiff is a corporation organized under the laws of Iowa. Nugen and Asset Pro are corporations organized under the laws of New York and Precision is a corporation organized under the laws of New Jersey. Nigro, a resident of New York, is President of Precision.

      The facts of this case, as set forth in Plaintiff's complaint, are as follows: On June 15, 2000, Waldoptic entered into a loan agreement with First Union National Bank ("First Union") and delivered a promissory note ("Note") in the amount of $400,000 to First Union. As security for the payment of its indebtedness, Waldoptic executed a security agreement in favor of First Union. In addition, Waldoptics Acquisition and Precision each executed an unconditional guaranty in which they guaranteed payment and performance of all liabilities and obligations of Waldoptic to First Union.

      On May 22, 2002, Wachovia Bank, N.A., which was formerly known as First Union, assigned the Note, the guarantees and all related documents to the Plaintiff. Despite Plaintiff's demands, the Defendants have failed to pay the principal and accrued interest on the Notes, prompting the Plaintiff to call due the entire amount secured by the security agreement described above. As of May 1, 2004, Defendants owe a principal balance of $115,753.66, interest in the amount of $14,636.40, and late charges in the amount of $9,233.66.

### B. Procedural History

The Plaintiff filed its complaint in this action on April 23, 2004. The Defendants filed their answer on June 15, 2004, denying the essential allegations and asserting two affirmative defenses: 1) the Note's arbitration provision precludes this court from asserting subject matter jurisdiction; 2) Defendant Nigro, as an officer of a corporation, cannot be held individually liable.

On October 25, 2004, the Plaintiff filed a motion to dismiss its own action against Defendant Nigro, along with a companion motion against the other defendants (1) for summary judgment, and (2) to strike their affirmative defense based on the lack of subject matter jurisdiction. On November 3, 2005, the Defendants filed a cross-motion to dismiss all claims against Defendant Nigro and for summary judgment in favor of all other defendants, on the grounds that the Note's arbitration provision precludes this court from asserting subject matter jurisdiction of this case.

By order dated June 23, 2005, this court granted the Defendant's motion to dismiss all claims against Defendant Nigro, but reserved judgment on the cross-motions for summary judgment. This decision follows.

## II. Analysis

### A. Background

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when "there is no genuine issue as to any material fact[.]" FED. R. CIV. P. 56(c). Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.*

### B. Cross Motions For Summary Judgment For Lack of Subject Matter Jurisdiction

Plaintiff argues that the Defendants' affirmative defense of lack of subject matter jurisdiction should be rejected as a matter of law because the Note does not *require* arbitration, it simply allows for it. Defendants argue that arbitration is mandatory, at least for the purpose of resolving the kinds of claims Plaintiff is asserting in this case.

The Note's arbitration clause provides as follows:
> Upon demand of any party hereto, whether made before or after institution of any judicial proceeding, any claim or controversy arising out of or relating to the Loan Documents between parties hereto (a "Dispute") shall be resolved by binding arbitration…. Disputes may include, without limitation, tort claims, counterclaims, a dispute as to whether a matter is subject to arbitration, claims brought as class actions, or claims arising from documents executed in the future.

In addition to this seemingly mandatory language, the clause carves out several exceptions. Specifically, it states:

> Notwithstanding the preceding binding arbitration provisions, the parties agree to preserve, without diminution, certain remedies that any party may exercise before or after an arbitration proceeding is brought. The parties shall have the right to proceed in any court of proper jurisdiction or by self-help to exercise or prosecute the following remedies, as applicable: (i) all rights to foreclose against any real or personal property or other security by exercising a power of sale or under applicable law by judicial foreclosure including a proceeding to confirm the sale; (ii) all rights of self-help including peaceful occupation of real property and collection of rents, set-off, and peaceful possession of personal property; (iii) obtaining provisional or ancillary remedies including injunctive relief, sequestration, garnishment, attachment, appointment of receiver and filing an involuntary bankruptcy proceeding; and (iv) when applicable, a judgment by confession of judgment.

With respect to these specific exceptions, the clause also indicates that any "claim or controversy with regard to any party's entitlement to such remedies is a Dispute" that shall be subject to arbitration if demanded by either party.

Plaintiff argues that the language specifically preserving certain remedies for judicial resolution implies that the Note allows for arbitration but does not require it. Defendants respond that, when demanded, arbitration is mandatory where, as here, each of Plaintiff's claims arise out of and/or relate to the loan documents but do not fall under any of the exceptions cited above. Defendants' argument is persuasive.

Plaintiff's complaint asserts five causes of action—breach of the Note, quantum meruit, unjust enrichment, breach of the guaranty of Waldoptics Acquisition and breach of guaranty of Precision. For these common law violations, Plaintiff is seeking the following remedies: 1) judgment against Defendants for the full amount owing under the Note including the principal balance, unpaid interest and penalties; 2) costs and attorneys fees. As such, Plaintiff is seeking, in essence, its expectation damages for breach of contract.

As Defendants argue, Plaintiff's claims clearly relate to and arise out of the Note and, for such disputes, the use of the term "shall" in the arbitration clause compels arbitration. None of the causes of action asserted, or remedies sought, by Plaintiff falls within the scope of any of the listed exceptions. Plaintiff is not requesting the foreclosure of any real or personal property, nor is it seeking any self-help or other form of injunctive relief. Indeed, it is therefore not surprising that, although Plaintiff cites the list of exceptions to the arbitration clause, it does not indicate which of the exceptions it is relying on.[1]

For these reasons, Defendants' motion for summary judgment must be granted and Plaintiff's motion must be denied.[2]

---

[1] In addition, Plaintiff argues that Defendants' motion for summary judgment should be denied, and its own motion should be granted, because Defendants have failed to comply with the Federal Arbitration Act because it has participated in this litigation by filing an answer and moving for summary judgment. Plaintiff's only authority for this argument is 9 U.S.C. § 4, which provides that "A party aggrieved by the alleged…refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court…for an order directing that such arbitration proceed…." This language does not provide support for Plaintiff's argument that Defendants' somehow waive a mandatory arbitration provision by answering a complaint or filing a motion. On the contrary, this language directs parties such as the Defendants to petition a district court for relief.

[2] During oral argument, Plaintiff also argued that Defendants' motion should be denied because they have failed to make a proper demand for arbitration. Even assuming that Defendants' have failed to make a proper demand, it

## III. Conclusion

For the foregoing reasons:
  Plaintiff's motion for summary judgment against the remaining defendants is DENIED.
  Defendants' cross motion for summary judgment is GRANTED.
  The clerk of the court is directed to CLOSE this case.
It is so ordered.

Dated: White Plains, New York
       September 6, 2005

*Stephen C. Robinson, U.S.D.J*

---

does not follow that their motion for summary judgment should be denied. The arbitration clause allows a demand for arbitration to be made any time before or after the institution of judicial proceedings, so a denial of Defendants' motion on this ground would simply delay the inevitable. As such, and to the extent it is necessary, the court construes Defendants' motion for summary judgment as, itself, a proper demand for arbitration in this case.

4